IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW DAVID HAFF,

        Petitioner,                        No. CIV S-08-0294 MCE GGH P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

        Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

Background

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. §2254. Petitioner challenges his September 9, 2004, Placer County jury trial conviction for assault with a deadly weapon by means of force likely to produce great bodily injury and felony hit-and-run driving causing injury. The jury also found true that petitioner personally inflicted great bodily injury and used a dangerous or deadly weapon (an automobile) during the commission of the felony. Petitioner was sentenced to a prison term of six years. Petition for Writ of Habeas Corpus (Pet.) at 1-2.

        Pending before the court is respondent's motion to dismiss the petition as barred by the AEDPA one-year statute of limitations.

Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On June 28, 2006, the California Court of Appeal, Third Appellate District, affirmed the judgment. The California Supreme Court denied the petition on October 18, 2006. Petitioner did not file any post-conviction collateral challenges. Petitioner's conviction became final on January 16, 2007, ninety (90) days after the state supreme court denied his petition for review. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition."). Thus, the last day to file a federal

petition was on January 16, 2008.

In opposition to respondent's motion to dismiss, petitioner argues the petition is timely because under the prison "mailbox rule" the dates on which he filed the habeas petition are earlier than the dates on which respondent relies.  Under the mailbox rule, a pro se prisoner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing to the court, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988); Koch v. Ricketts, 68 F.3d 1191 (9th Cir. 1995) (The fact that a prisoner did not send mail by a procedure that caused a log to be kept does not bar him from receiving the benefit of a constructive filing date.).  For the purposes of calculating the AEDPA limitation period, the mailbox rule applies to the filing of a federal habeas petition.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir.2001), vacated and remanded on other grounds.

The instant petition was filed with the court on February 7, 2008, several weeks after the statute of limitations expired.  However, annexed to the petition was petitioner's declaration stating that he placed the petition in the prison mailing system on December 10, 2007, well before the deadline.  Pet. at 49.[1]  Petitioner declares under the penalties of perjury, that he placed the petition in a drop box on December 10, 2007, that is routinely used for legal mail and was unaware that the court received the petition beyond the deadline.  Thus, petitioner argues that his federal habeas petition is timely.  Petitioner theorizes that this problem in the prison mailing system occurred because a library employee was in an accident and out of work and a temporary replacement employee filled in to conduct library business.

When a pro se petitioner produces evidence that he timely complied with a procedural deadline by submitting documentation to prison officials, the burden shifts to the respondent to provide evidence in support of a contrary finding.  Caldwell v. Amend, 30 F. 3d 1199, 1202 (9th Cir. 1994).  In opposition, respondent provides the outgoing legal mail log for

---

[1] There is no page number but it would appear to be page 49.

petitioner at California Correctional Center. Lodged Doc. 5. Respondent asserts that the log shows that the petition was delivered to prison officials on February 5, 2008.

Respondent's evidentiary submission, a one page copy of a fax, is deficient in many respects. The mail log is unauthenticated and is unaccompanied by a declaration stating what the document is purported to reflect. The mail log contains three entries, two of which show a date of February 5, 2008, and are addressed to the court, and most likely correspond to the instant petition.[2] The February 5, 2008, date is grouped in a column marked "sent". This court assumes that is the date the petition left the prison. However, nothing on the mail log indicates the date the petition was received, the date at issue. Respondent has provided no other information describing the mail process at California Correction Center. As such, the court has no way to determine how long the petition could have been in the custody of prison officials.

Based on the above deficiencies in respondent's evidence, the court finds respondent has not met his burden of producing sufficient evidence to rebut the dates attested to in petitioner's declaration. Thus, based on the dates of petitioner's declaration, that make the filing of the petition timely, the motion to dismiss will be denied.

Accordingly, IT IS RECOMMENDED that respondent's motion to dismiss, filed on April 3, 2008, be denied, and respondent be directed to file an answer within thirty days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

---

[2] Petition was filed by the court on February 7, 2008.

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 15, 2008

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:006
haff0294.mtd