IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW DAVID HAFF,

    Petitioner,

  vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.

No. 2:08-cv-00294-MCE-GGH P

ORDER

/

Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. Respondent Karen Prosper, Warden of the California Correctional Center ("Respondent") has filed a Motion to Dismiss the Petition on grounds that it was filed beyond the one-year statute of limitations.

On December 15, 2008, the Magistrate Judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent has timely filed objections to the findings and recommendations.

1

# BACKGROUND

As indicated above, Respondent's Motion to Dismiss was predicated on the contention that the instant Petition was filed beyond the applicable one-year statute of limitations. The last day for Petitioner to have filed a timely federal petition was January 16, 2008. The Petition however, was not filed until February 7, 2008.

Respondent noted in the Motion to Dismiss that the Petition contained a proof of service to prison authorities for December 10, 2007. In response, however, Respondent attached the prison's outgoing legal mail log to show that prison officials mailed the Petition to the court on February 5, 2008. Respondent, in some unspecified manner, concluded that Petitioner must have delivered the petition to prison officials on February 5, 2008.

In his opposition to the motion to dismiss, Petitioner stated that he placed the petition in the prison mailing system on December 10, 2007, and alleged that the tardiness of the petition was due to the prison mailing system and a disruption with the library staff. Respondent elected not to file a reply.

On December 15, 2008, the magistrate judge issued findings and recommendations denying the motion to dismiss. The findings and recommendations relied on the prison "mailbox rule" to find that Petitioner timely submitted the petition to prison authorities. The Magistrate Judge stated in part:

> When a pro se petitioner produces evidence that he timely complied with a procedural deadline by submitting documentation to prison officials, the burden shifts to the respondent to provide evidence in support of a contrary finding. Caldwell v. Amend, 30 F. 3d 1199, 1202 (9th Cir. 1994). In opposition, respondent provides the outgoing legal mail log for petitioner at California Correctional Center. Lodged Doc. 5. Respondent asserts that the log shows that the petition was delivered to prison officials on February 5, 2008.
>
> Respondent's evidentiary submission, a one page copy of a fax, is deficient in many respects. The mail log is unauthenticated and is unaccompanied by a declaration stating what the document is purported to reflect. The mail log contains three entries, two of which show a date of February 5, 2008, and are

addressed to the court, and most likely correspond to the instant petition.[1] The February 5, 2008, date is grouped in a column marked "sent". This court assumes that is the date the petition left the prison. However, nothing on the mail log indicates the date the petition was received, the date at issue. Respondent has provided no other information describing the mail process at California Correction Center. As such, the court has no way to determine how long the petition could have been in the custody of prison officials.

Findings and Recommendations at 2-3.

Based on the evidence presented, the Magistrate Judge correctly concluded that Petitioner timely submitted his petition to prison officials as Respondent failed to adequately counter that assertion.

## ANALYSIS

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.

In their objections, Respondent seeks to introduce new evidence. There is no explanation for why this effort was spared earlier and why this information was not before the Magistrate Judge. Indeed, there does not appear to be any reason that Respondent did not produce supporting evidence at the appropriate time for the consideration of the Magistrate Judge. This belated effort constitutes an attempt to undermine the process and serves to abrogate the principles of judicial efficiency and economy.

It is within this court's discretion "not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations..." Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004), citing Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002); see also, U.S. v. Howell, 231 F.3d 615, 622 (9th Cir. 2000).

///

---

[1] The Petition was filed by the court on February 7, 2008.

3

The Ninth Circuit has plainly stated that requiring the district judge to consider evidence not previously set before the magistrate judge "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." U.S. v. Howell, 231 F.3d at 622.

> Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to ... wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge.

Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Elec. Co., et al., 840 F.2d 985, 991 (9th Cir. 1988).

However, with some reluctance, this court will consider the new evidence. Respondent chose to follow the Magistrate Judge's reasoning , as set forth in the findings and recommendations, and provided several declarations by officials at the prison and other documents describing the procedure for inmate legal mail. A review of the materials indicates that Petitioner could not have submitted the petition to prison officials on December 10, 2007; instead, Petitioner appears to have submitted his petition after the statute of limitations had expired.

Petitioner alleges that he placed the petition in a library drop box routinely used for legal mail on December 10, 2007, and he was unaware that the petition was untimely mailed. Petitioner theorizes that a disruption with the ordinary library staff may have caused an error.

Respondent has now provided a declaration from Len Santos, who stated he was the librarian at the time at issue and the library drop box was not used for legal mail. Declaration of Len Santos. Mr. Santos stated that any legal mail placed in the library drop box would be returned to the inmate, as the drop box was only used for library books and college homework. Id. Respondent has also provided a declaration from Connie Waybright, who was responsible for processing all incoming and out-going mail at the prison.

Ms. Waybright stated that out-going legal mail is logged on the mail log and sent on the same day. Declaration of Connie Waybright. Thus, Petitioner's mail log indicates that the petition was submitted to prison authorities on February 5, 2008, after the expiration of the statute of limitations.

While the magistrate judge's findings and recommendations were accurate, this court will, with some hesitation, remand the findings and recommendations back to the magistrate judge and provide Petitioner an opportunity to respond to Respondent's new evidence.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 15, 2008, are remanded back to the Magistrate Judge.

2. Petitioner is granted 10 days from service of this order to respond with evidence to Respondent's objections.

Dated: April 3, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE