IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW DAVID HAFF,

        Petitioner,                    No. CIV S-08-0294 MCE GGH P

        vs.

PEOPLE OF THE STATE OF
CALIFORNIA, et al.,

        Respondents.            <u>ORDER &</u>
                                                   <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

I. <u>Introduction</u>

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On December 15, 2008, the undersigned filed findings and recommendations (Doc. #12) recommending that the motion to dismiss for filing the petition after the one-year statute of limitations be denied. The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent timely filed objections (Doc. #15) to the findings and recommendations that contained new evidence not in the original motion to dismiss. On April 6,

1

2009, the district judge, the Honorable Morrison C. England, Jr., issued an order (Doc. #17) remanding the finding and recommendations back to the undersigned to consider the new evidence.  Petitioner was also granted 10 days to respond to the newly presented evidence.  Petitioner submitted a letter citing his February 26, 2009, (Doc. #16), memorandum as his response.

II. <u>Background</u>

   Respondent filed a motion to dismiss the petition on the ground that it was filed beyond the one-year statute of limitations.  The last day for petitioner to file a timely federal petition was on January 16, 2008.  The instant petition was filed on February 7, 2008.  Respondent noted in the motion to dismiss that the petition contained a proof of service to prison authorities for December 10, 2007.[1]  In response, respondent attached plaintiff's outgoing legal mail log to show that prison officials mailed the petition to the court on February 5, 2008.  Respondent, in some unspecified manner, concluded that petitioner must have delivered the petition to prison officials on February 5, 2008.

   In his opposition to the motion to dismiss, petitioner stated that he placed the petition in the prison mailing system on December 10, 2007, and alleged that the tardiness of the petition was due to the prison mailing system and a disruption with the library staff, as a librarian was killed in a car accident.  Respondent elected not to file a reply.

   On December 15, 2008, undersigned, relying on the prison "mailbox rule," recommended that the motion to dismiss be denied.

> When a pro se petitioner produces evidence that he timely complied with a procedural deadline by submitting documentation to prison officials, the burden shifts to the respondent to provide evidence in support of a contrary finding. <u>Caldwell v. Amend</u>, 30 F. 3d 1199, 1202 (9th Cir. 1994).  In opposition, respondent provides the outgoing legal mail log for petitioner at California Correctional Center.  Lodged Doc. 5.  Respondent asserts that the log shows that the petition was delivered to prison officials on February 5, 2008.

---

[1] The proof of service was petitioner's declaration that he placed the petition in the prison mailing system on that date.

2

> Respondent's evidentiary submission, a one page copy of a fax, is deficient in many respects. The mail log is unauthenticated and is unaccompanied by a declaration stating what the document is purported to reflect. The mail log contains three entries, two of which show a date of February 5, 2008, and are addressed to the court, and most likely correspond to the instant petition.[2] The February 5, 2008, date is grouped in a column marked "sent". This court assumes that is the date the petition left the prison. However, nothing on the mail log indicates the date the petition was received, the date at issue. Respondent has provided no other information describing the mail process at California Correction Center. As such, the court has no way to determine how long the petition could have been in the custody of prison officials.

December 15, 2008, Findings and Recommendations at 2-3.

III. Analysis

Respondent's new evidence includes several declarations by officials at the prison and other documents describing the procedure for inmate legal mail. Respondent has met his burden in refuting petitioner's contention that the petition was timely mailed. A review of the materials indicates that petitioner could not have submitted the petition to prison officials on December 10, 2007, rather petitioner submitted his petition after the statute of limitations had expired.

Petitioner alleges that he placed the petition in a library drop box routinely used for legal mail on December 10, 2007, and he was unaware that the petition was untimely mailed. Petitioner theorizes that the death of the librarian may have caused an error.

Respondent has now provided a declaration from Len Santos, who states he was the librarian at the time at issue and the library drop box was not used for legal mail. Declaration of Len Santos. Mr. Santos states that any legal mail placed in the library drop box would be returned to the inmate as the drop box was only used for library books and college homework. Id. Mr. Santos states there are no signs stating legal mail can be mailed by a librarian nor are prisoners advised that librarians are a drop off point for legal mail. Id.

\\\\\

---

[2] Petition was filed by the court on February 7, 2008.

1 Respondent has also provided a declaration from Connie Waybright, who was responsible for processing all incoming and out-going mail at the prison. Ms. Waybright states that any outgoing legal mail must be hand delivered by the prisoner to the Unit Program Office, which then collects, searches and delivers the mail to the mail room. Declaration of Connie Waybright. Out-going legal mail is logged on the mail log and sent on the same day. Thus, petitioner's mail log indicates that the petition was submitted to prison authorities on February 5, 2008, after the expiration of the statute of limitations.

Petitioner contends in his response that he had an arrangement with the librarian who was killed in a car accident concerning the mailing of his legal materials.[3] Petitioner does not have an adequate response to respondent's assertions that the mailbox in question was not for legal mail and any mail found would have been returned to petitioner, especially if the mail was in the box for two months as petitioner contends. Nor does petitioner have a response to Connie Waybright's description of the legal mail system at the prison. Instead, petitioner guesses that his legal materials were sitting on a desk for two months and then taken to the mail room.

Petitioner's response is essentially that the system in place for legal mail at the prison does not apply to him as he had an agreement with the deceased librarian that cannot be confirmed. Petitioner maintains that no amount of facts or declarations from prison staff will suffice. Petitioner's contention is misguided as respondent has successfully met his burden in showing that the petition was untimely. Petitioner's allegations have been sufficiently disproved by respondent's evidence.

"It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Schiro v. Landrigan</u>, 550 U.S. 465, 474, 127 S.Ct. 1933 (2007). "We have previously held that a district court in a habeas proceeding '"need not conduct full evidentiary hearings,"' but may instead

---

[3] Neither party has provided the date the librarian was killed in the car accident.

4

"'expand the record ... with discovery and documentary evidence.'" Williams v. Woodford, 384 F.3d 567, 590 (9th Cir. 2004).

Accordingly, IT IS HEREBY ORDERED that the record is expanded pursuant to Rule 7 of the Rules for § 2254 Cases to include the declarations and documents discussed in this motion.

IT IS RECOMMENDED that respondent's motion to dismiss, filed on April 3, 2008, be granted, and this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 07/10/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh: ab
haff0294.fr